

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FREDRICK PADRE MARTINEZ, )
         Petitioner, ) 2:12-cv-02197-RCJ-NJK
)
vs. ) **ORDER**
)
STATE OF NEVADA, *et al.*, )
)
         Respondents. )

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

The matter has not been properly commenced because petitioner submitted incomplete financial paperwork. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner's financial certificate is not signed and he has failed to submit his inmate account statement. Without the complete printout showing daily account activity over the full six-month period, the Court is unable to assess whether the current balance on the financial certificate is representative of petitioner's ability to pay. The Court is unable to see, *inter alia*, the regularity and

amount of any incoming funds as well as the extent to which petitioner is making discretionary expenditures that instead could be applied to payment of the filing fee.

Further, petitioner did not use the Court's required habeas petition form to state his claims. Under Local Rule LSR 3-1, a petitioner must file the petition on the Court's required Section 2254 petition form. Instead, petitioner has submitted a document entitled "Petition," which petitioner has written as a memorandum of points and authorities, with issues, facts, and arguments, but lacking any grounds for habeas relief. (ECF No. 1-2). Petitioner has also submitted a 50-page document that appears to be a memorandum of points and authorities with attached exhibits. (ECF No. 1-1). Petitioner's filings are essentially unverified legal memoranda. Petitioner must file a petition on the required verified petition form specifically alleging the factual particulars supporting his grounds for relief therein and answering all questions on the form.

Due to the multiple defects presented, the pauper application will be denied, and the present action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application with all required attachments. It does not appear from the papers presented that a dismissal without prejudice would result in a promptly-filed new petition being untimely. In this regard, petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case, properly commencing a timely-filed federal habeas action, and properly exhausting his claims in the state courts.

IT THEREFORE IS ORDERED that the application to proceed *in forma pauperis* (ECF No. 1) is **DENIED** and that this action is **DISMISSED WITHOUT PREJUDICE** to the filing of a new petition in a new action with a properly completed pauper application with all new – and complete – financial attachments.

IT FURTHER IS ORDERED that petitioner's request for an evidentiary hearing (ECF No. 3) and all pending motions are **DENIED** without prejudice.

**IT FURTHER IS ORDERED** that a certificate of appealability is **DENIED**. Reasonable jurists would not find the dismissal of the improperly-commenced action without prejudice to be debatable or wrong.

**IT FURTHER IS ORDERED** that the Clerk of Court shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted (ECF No. 1, 1-1, and 1-2).

**IT FURTHER IS ORDERED** that the Clerk shall enter final judgment accordingly.

Dated this 17th day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE